[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2012
JOHN LEY
CLERK

No. 11-13560
Non-Argument Calendar
_____

Agency No. A098-378-145

NODIRBEK NIGMATOVICH YUSUPOV,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 3, 2012)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Nodirbek Yusupov, a citizen of Uzbekistan, petitions for review of the Board of Immigration Appeals's ("BIA") affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). The IJ found numerous inconsistencies between Yusupov's testimony and his application, and the IJ denied Yusupov's application for asylum, withholding of removal, and CAT relief, but did not make an express credibility finding. The BIA remanded the IJ's decision with the instruction that an express adverse credibility determination be made. In a second decision, the IJ found that Yusupov was not credible and denied his application. The BIA, in a separate opinion, concurred with the IJ after identifying several contradictions that supported the adverse credibility finding. It also determined that Yusupov's documentary evidence was insufficient to overcome his incredible testimony.

Yusupov argues that substantial evidence did not support the BIA's adverse credibility determination because any inconsistencies were clarified in his testimony and were unsubstantiated by the record. Yusupov also argues that the

BIA erred by not assigning his second appeal to a three-member panel.[1]

I.

We review the BIA's credibility findings under the "highly deferential" substantial evidence test, which requires that we uphold the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005).

We review the BIA's decision, except to the extent that the BIA expressly adopts the IJ's opinion or relies upon her reasoning. Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA wrote a separate opinion that concurred with the IJ's opinion but did not directly rely upon it. Thus, we review only the BIA's decision.

An applicant for asylum must establish either: (1) past persecution on account of a protected ground, or (2) a well-founded fear of future persecution on account of a protected ground. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230-31 (11th Cir. 2005). "If the IJ finds an asylum applicant not credible, the IJ

___

[1] Yusupov also argues that the record presented to the BIA was not properly translated, which precluded meaningful review. However, Yusupov did not to present his translation claim to the BIA, thereby failing to exhaust his administrative remedies. Accordingly, we lack jurisdiction to consider this claim. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that we lack jurisdiction to consider claims not raised before the BIA).

must make an explicit adverse credibility finding and offer 'specific, cogent reasons' for the finding." Shkambi v. U.S. Att'y Gen., 584 F.3d 1041, 1049 (11th Cir. 2009). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Id. An adverse credibility determination also may be based on inconsistencies between hearing testimony and statements made at prior interviews, including credible-fear interviews with an asylum officer. See id.

Once the IJ makes an adverse credibility finding, the alien bears the burden to show that the finding was not supported by the reasons provided or was not based on substantial evidence. Id. An alien who cannot meet the standard for asylum cannot satisfy the higher standards for withholding of removal under the INA or for CAT relief. Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1292 (11th Cir. 2006).

There is substantial evidence to support the BIA's decision. Yusupov was unable to provide consistent testimony about whether the books in his house had been planted by the government. This went to the heart of whether he had been arrested merely for his Muslim faith—or because of his suspected involvement in Hizb ut-Tahrir.

Yusupov waited nine days to go to the hospital after his release from prison,

4

which supports a finding that he did not suffer severe injuries during imprisonment. He testified to the IJ that officials directed him to attend mosque as part of his activities as an informant, yet his application for asylum stated that he was told not to go to mosque. His testimony and application also conflicted with respect to the details of his brothers' arrests and whether they had been released.

Yusupov was unable to provide any documentary evidence of his hospitalization, his time as a muezzin, or his brothers' arrests.

Because substantial evidence supports the BIA's conclusion that Yusupov is ineligible for asylum on the basis of the adverse credibility determination and the insufficiency of his corroborating evidence, Yusupov also cannot satisfy the heightened burdens for withholding of removal under the INA or for CAT relief. Zheng, 451 F.3d at 1292.[2]

## II.

Yusupov also contends that the BIA erred by not assigning his second appeal to a three-member panel. "A single Board member assigned under the case management system shall determine the appeal on the merits . . . , unless the Board

---

[2] We also reject Yusupov's argument that the IJ erred by initially relying on pre-REAL-ID-Act standards. The IJ's written report clearly indicates that she realized that the REAL ID Act did not apply to Yusupov's case, and, in any event, Yusupov has failed to explain how he was prejudiced by this alleged error.

member determines that the case is appropriate for review and decision by a three-member panel under the standards of paragraph (e)(6) of this section." 8 C.F.R. § 1003.1(e)(3). Yusupov contends that this case fits under paragraph (e)(6) because it involves the "need to review a clearly erroneous factual determination by an immigration judge." Id. § 1003.1(e)(6)(v).

However, paragraph (e)(3) indicates that the decision to forward the case to a three-member panel is to be made by the single Board member assigned the case. Yusupov has not provided any authority for his contention that this Court has the power to remand the case for it to be heard by a three-member panel.[3]

**DENIED IN PART AND DISMISSED IN PART.[4]**

---

[3]   In any event, in light of the factual inconsistencies in Yusupov's case, we discern no abuse of discretion in the single Board member's decision not to forward the case to a three-member panel to resolve a "clearly erroneous factual determination." See 8 C.F.R. § 1003.1(e)(6)(v).

[4]   Yusupov's request for oral argument and his request for reconsideration of our prior denial of his motion for a stay of removal are DENIED.